1

2

3

4

5

6                       IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8   BILLIE HARRIS,

9                     Plaintiff,

10          vs.                              No. CIV S- 09-2568 FCD GGH PS

11  EQUAL EMPLOYMENT

12  OPPORTUNITY COMMISSION, et al.,

13                     Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

14  _____/

15          Plaintiff is proceeding in this action pro se and in forma pauperis.  This

16  proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

17          The determination that plaintiff may proceed in forma pauperis does not complete

18  the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

19  at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

20  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

21  an immune defendant.

22          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

23  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

24  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

25  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

26  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

1   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

2   Cir. 1989); Franklin, 745 F.2d at 1227.

3            A complaint must contain more than a "formulaic recitation of the elements of a

4   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

5   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

6   "The pleading must contain something more...than...a statement of facts that merely creates a

7   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

8   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

9   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

10  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

11  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

12  the court to draw the reasonable inference that the defendant is liable for the misconduct

13  alleged." Id.

14           Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

15  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

16  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

17  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

18  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

19  Named as defendants are the EEOC and various federal officers and employees, including the

20  Secretary of the Navy.  Plaintiff alleges that "defendants... were... employees of the federal

21  government acting in their capacities as federal employees or contracted employees by [sic] the

22  EEOC to perform investigations of EEO Complaints."  Complaint at 2.

23           The 71 page complaint, for the most part, alleges violations by defendants in their

24  development of the record in her prior EEO complaints which were exhausted and then litigated

25  in this court from 2002 to 2007.  See Harris v. Winter, Civ.S.02-2436 KJM PS, Civ.S.02-2440

26  KJM PS.  Those related cases concerned plaintiff's allegations of gender discrimination and

                                                    2

1   retaliation in her attempted transfer from then-closing Mare Island Naval Shipyard to Puget

2   Sound Naval Shipyard in January, 1996.  The alleged violations in processing the EEO complaint

3   occurred between November 1, 1995 and April 1, 1998.[1]  (Compl. at 3-4.)  Plaintiff claims that

4   defendants failed to comply with regulations to develop an impartial and appropriate factual

5   record on which to make findings on the claims in her EEO complaint.  She also alleges that

6   defendants deliberately provided false statements in their declarations, affidavits, and reports

7   used to process her EEO complaint.  Defendants are also charged with withholding relevant and

8   material discovery during the processing of the EEO complaint, and providing false

9   documentation which caused her EEO complaint to be improperly judged.  Plaintiff asserts that,

10  as a result, she was prevented from making a prima facie case against Puget Sound Naval

11  Shipyard for its refusal to hire her.  (Id.)

12          There is no cause of action for failing to adequately investigate EEO complaints.

13  Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983).  Congress has not authorized a private cause

14  of action against the EEOC for negligence or other malfeasance in processing an EEO claim.  Id.;

15  Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997).  The federal employee EEO process, as

16  opposed to its civilian counterpart, is mostly agency driven.  The process is complicated and

17  multi-faceted, but for the purposes here, suffice it to say that the aggrieved federal employee may

18  seek informal counseling on the matter, may file a formal complaint with the agency, may

19  petition for an administrative hearing, and is entitled to a final determination from the agency.

20  After receipt of a final determination, or the passage of a defined time period without a decision,

21  a federal employee may appeal to the EEOC and/or file a civil action in district court which will

22  render a de novo decision.  See 29 CFR § 1614.105 et seq.  In the non-federal civilian world, the

23  EEOC itself takes on a much more active role in the investigation of discrimination complaints,

24  either ultimately bringing suit on behalf of an employee, or much more commonly, issuing a

25

26          [1] Plaintiff refers to one EEO complaint; however, the prior related cases concern two
    EEO complaints.

3

1  "right to sue" letter.

2        The point here is that the personnel involved in the federal EEO process serve

3  identical functions to that of EEOC personnel.  The lack of a private right of action would apply

4  in either case.  Such is the holding of <u>Jordan v. Summers</u>, 205 F.3d 337, 342 (7th Cir. 2000).  As

5  set forth in <u>Jordan</u>, if one is displeased with the EEO processing, one files suit in district court on

6  the merits of the discrimination complaint; one does not sue the agency personnel for defective

7  administrative processing.  As a result, plaintiff cannot state a claim for the violations alleged in

8  her complaint.

9        Most of the allegations of the complaint concern the processing of plaintiff's EEO

10  complaint.  Consequently, those claims must be dismissed.

11        To the extent that any allegations pertain to the underlying action by plaintiff

12  against Puget Sound Naval Shipyard employees, they are barred by collateral estoppel or res

13  judicata, as plaintiff has either attempted to bring new claims regarding her employment dispute

14  or which could have been brought earlier, or raised the same claims which were already decided

15  in the previous action.  Under the doctrine of res judicata, "'[a] final judgment on the merits bars

16  a subsequent action between the same parties or their privies over the same cause of action.'"

17  <u>The Fund for Animals, Inc. v. Lujan</u>, 962 F.2d 1391, 1398 (9th Cir. 1992), <u>quoting</u> <u>Davis & Cox</u>

18  <u>v. Summa Corp.</u>, 751 F.2d 1507, 1518 (9th Cir. 1985).  The doctrine of res judicata consists of

19  two concepts, issue preclusion, or collateral estoppel, and claim preclusion, or res judicata.

20  <u>Migra v. Warren City School District Board of Education</u>, 465 U.S. 75, 77 n.1 (1984).  "Issue

21  preclusion [collateral estoppel] refers to the effect of a judgment in foreclosing relitigation of a

22  matter that has been litigated and decided."  <u>Id</u>.  "Claim preclusion [res judicata] refers to the

23  effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of

24  a determination that it should have been advanced in an earlier suit."  <u>Id</u>.  "Claim preclusion [res

25  judicata] bars the assertion of any theory of recovery that could have been asserted in the first

26  action."  <u>Fund for Animals</u>, at 1398, <u>citing</u> <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 322 (9th Cir.

1988).

The instant complaint relates to the same allegations as raised in the previous action.  Both actions allege employment discrimination under Title VII based on same employment actions at Mare Island Naval Shipyard and Puget Sound Naval Shipyard between 1995 and 1997.  The instant complaint is based on the same events as the previous action.

Aside from the claims against EEOC employees for misconduct in processing plaintiff's EEO claim, the claims currently before the court were already litigated and decided in defendants' favor in the previous actions.  See Harris v. Winter, Civ.S.02-2436 KJM PS, Civ.S.02-2440 KJM PS (Order, filed September 28, 2007, dkt. #90).  Although the previous actions did result in a dismissal of the claims relating to reprisal and multiple hirings after January 1996, as unexhausted, the other federal claims were necessarily determined and were the same issues as those raised here.  Accordingly, collateral estoppel and/or res judicata bars this action from proceeding against the U.S. Navy defendants.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/22/2010                                    /s/ Gregory G. Hollows

                                                              _____
                                                              GREGORY G. HOLLOWS,
                                                              UNITED STATES MAGISTRATE JUDGE

GGH:076/Harris2568.f&r